UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TALMADGE CANTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-143-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| OWNERS INSURANCE CO. and | ) | **OPINION & ORDER** |
| ALLEN PARKER, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In the immortal words of Yogi Berra, "It's déjà vu all over again."[1] The defendants in this removal case invoke diversity jurisdiction based on fraudulent joinder, forcing the Court to confront—for the third time—a stubbornly difficult question of Kentucky law: whether a plaintiff can sue an insurance adjuster for bad faith. But there is no sign that Kentucky courts have resolved this question since the Court's last survey of the debate. Until they do, the Court cannot say that the plaintiff fraudulently joined defendant Allen Parker. As a result, the case must be remanded back to the Johnson Circuit Court.

## BACKGROUND

On January 22, 2013, a fire burned down plaintiff Talmadge Cantrell's business in Johnson County, Kentucky. R. 1-1 at 1. Cantrell had insured his business through a policy with defendant Owners Insurance Co. ("Owners"). *Id.* at 2. After Owners denied his claim, Cantrell sued the insurer and its claims adjuster, Allen Parker, in Johnson Circuit Court for

---

[1] *Yogi-isms*, Yogi Berra Official Website, http://www.yogiberra.com/yogi-isms.html (last visited Mar. 7, 2014).

breach of contract and for violating Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), KRS § 304.12-230. *Id.* at 2–3. Cantrell specifically alleges that Owners and Parker "willfully and maliciously" breached their duty to investigate and pay his claim. *Id.* at 3. The defendants filed a notice of removal on December 20, 2013, invoking federal diversity jurisdiction. R. 1. The notice acknowledges that Cantrell and Parker are both Kentucky citizens. *Id.* at 2. Owners and Parker contend, however, that Parker's citizenship should be ignored for diversity purposes because Cantrell fraudulently joined him to this action. *Id.* at 2–3. Among their arguments, the defendants maintain that Kentucky law does not allow Cantrell to assert bad-faith claims against an insurance adjuster like Parker. *Id.* at 3. Cantrell moved to remand for lack of jurisdiction, and for attorney's fees. R. 4.

## DISCUSSION

The Court has seen this movie before, and not much has changed but the characters' names. Twice now the Court has surveyed Kentucky law and rejected allegations of fraudulent joinder based on bad-faith claims against insurance adjusters. *Collins v. Montpelier U.S. Ins. Co.*, No. 11-166-ART, 2011 WL 6150583 (E.D. Ky. Dec. 12, 2011); *Gibson v. Am. Mining Ins. Co.*, No. 08-118-ART, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008). The Court remanded in both cases. *Id.* Although the third installment of the trilogy features some new twists, it has the same ending.

I.  **Fraudulent Joinder**

Fraudulent joinder is a (questionable) judicially created exception to the normal rule requiring complete diversity, designed to prevent plaintiffs from using procedural shenanigans to defeat removal. *See Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790

F. Supp. 2d 590, 594–97 (E.D. Ky. 2011). The test for proving fraudulent joinder is a high hurdle: the removing defendants must show that there is not even a "colorable basis" to predict that the plaintiff "may recover" against one of the nondiverse defendants. *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (internal quotation marks omitted); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (party seeking removal has burden to prove jurisdiction). A claim is colorable if "there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (internal quotation marks omitted). All ambiguities of state law are thus resolved in favor of remand, against fraudulent joinder. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Frustrating as the persistent uncertainty in Kentucky law may be, there is still no basis for concluding that Cantrell fraudulently joined Parker. As the Court most recently explained a little over two years ago, "Kentucky law is still ambiguous" about whether bad-faith claims may lie against insurance adjusters. *Collins*, 2011 WL 6150583, at *2. And since the defendants do not offer a single new case suggesting that Kentucky courts have resolved this ambiguity, they have failed to carry their burden of demonstrating that there is no "reasonable basis for predicting that state law might impose liability" on Parker. *Alexander*, 13 F.3d at 949 (internal quotation marks omitted). The lingering ambiguity of Kentucky law weighs against fraudulent joinder. *Coyne*, 183 F.3d at 493. As such, for the reasons detailed in *Collins* and *Gibson*, there is no basis to find fraudulent joinder here. Whatever Kentucky's ultimate answer might be, the Court cannot say Cantrell's claims against Parker are totally baseless. Diversity jurisdiction over this case is therefore lacking.

## II. Alternatives to Remand

Without jurisdiction, the unavoidable result is immediate remand to state court, but the defendants say otherwise. They maintain the Court has two options short of remand: (1) hold the case in abeyance and certify the question of adjuster liability to the Kentucky Supreme Court, or (2) reach the merits and certify the question for interlocutory appeal. *See* R. 9 at 2–13. Remand is required when it "appears" the Court lacks jurisdiction. 28 U.S.C. 1447(c). This case does not satisfy that condition, the defendants maintain, because the ambiguity in Kentucky law makes it equally likely that the Court has jurisdiction as that it does not. R. 9 at 4. Jurisdiction here, they say, is like Schrödinger's cat from quantum mechanics—both alive and dead at the same time. *Id.*; *see also TKO Equip. Co. v. C & G Coal Co.*, 863 F.2d 541, 545 (7th Cir. 1988) (explaining the significance of Schrödinger's cat). Since the Court cannot definitively rule out jurisdiction, the argument goes, it cannot "appear" that jurisdiction is lacking.

The defendants get points for originality, but their argument is too clever by half. The analogy to Schrödinger's cat is fundamentally flawed. There is simply no doctrinal equivalent to quantum superposition,[2] where jurisdiction simultaneously exists and does not exist: "Federal jurisdiction is a binary choice. The switch is either on or off." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 951 (E.D. Ky. 2010); *see also Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("Jurisdiction is unlike quantum mechanics. Elementary particles can both exist and not exist at the same time, with uncertainty resolved only by the

---

[2] The principle of quantum superposition holds that a physical system, such as a subatomic particle, exists simultaneously in all theoretically possible states until measured or observed. *See Quantum Superposition*, Wikipedia, http://en.wikipedia.org/wiki/Quantum_superposition (last visited Mar. 7, 2014).

act of observation . . . . Judicial power needs a more predictable basis."). Indeed, the Court presumes it *lacks* jurisdiction until the defendants show otherwise. *See May*, 751 F. Supp. 2d at 950 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The defendants' argument based on uncertainty gets that presumption precisely backwards. Since Owners and Parker cannot overcome the presumption that the Court lacks jurisdiction, it necessarily "appears" that jurisdiction is absent. That is the default state of the Court's power.

But there is a more basic problem with the defendants' Schrödinger's cat analogy: its necessary assumption of intractable jurisdictional uncertainty just isn't true, since fraudulent joinder does not hinge on a plaintiff's ultimate success. The defendants conclude that the odds of jurisdiction are dead even because either Cantrell states a claim against Parker or he does not: if he does state a claim, they reason, then the suit clearly must be remanded, and if he does not, then clearly it must not. *See* R. 9 at 4. But the conclusion does not follow from the premise. A claim against a particular party may ultimately fail, but that does not make joinder of that party fraudulent. That is not how fraudulent joinder works. The test for fraudulent joinder is "more lenient," from the plaintiff's perspective, than for a motion to dismiss. *Casias*, 695 F.3d at 433. If there is at least a "colorable basis" to predict that the plaintiff "may recover" against a nondiverse defendant there is no fraudulent joinder, and hence no diversity jurisdiction. *Id.* (internal quotation marks omitted). Uncertainty about state law thus does not translate into uncertainty about fraudulent joinder. Quite the opposite actually: if state law is uncertain, the Court must remand. *See Coyne*, 183 F.3d at 493. Because it is clear that there is at least a colorable basis for Cantrell's claim against Parker,

there is no question that the Court completely lacks jurisdiction over this case. If the cat in the defendants' analogy is jurisdiction, the cat is *most definitely*—not just possibly—dead.

Retaining jurisdiction to certify a legal question to the Supreme Court of Kentucky is thus not an option. Like ordering jurisdictional discovery about the amount in controversy, holding the case in abeyance without a basis for jurisdiction "is anathema to the limited nature of federal jurisdiction and the need to respect the authority of state courts." *May*, 751 F. Supp. 2d at 949. And besides, if the defendants want an answer from Kentucky, they were already in the right forum before removal. Nothing is stopping them from litigating this case in the Kentucky courts and appealing all the way to the state's Supreme Court if they lose below. Exercising federal jurisdiction just to certify a tough question *back* to the Kentucky courts thus makes little sense. Certification at this stage is also particularly offensive to federalism because it would short circuit Kentucky's normal appellate process. It makes much more sense to leave the case in the state courts, who are experts on questions of state law. *See, e.g.*, *Tafflin v. Levitt*, 493 U.S. 455, 465 (1990) (recognizing that "state courts presumably have greater expertise" at evaluating "violations of state law"); *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 818 (1989) (recognizing that "question[s] of state law [are] within the special expertise of the [state] courts"). Practical considerations aside, however, since jurisdiction is lacking, the Court must return the case to state court without delay: "due regard for the authority of state courts requires the federal court to remand the case post haste." *May*, 751 F. Supp. 2d at 951.

The defendants point to *Ward v. Aetna Life Ins. Co.*, No. 98-542, 1998 WL 864874 (W.D.N.Y. Nov. 17, 1998), as support for retaining jurisdiction pending further guidance

6

from Kentucky courts, *see* R. 9 at 4–6, but that case is distinguishable. In *Ward*, the district court held a motion to remand in abeyance pending the United States Supreme Court's resolution of precisely when the time to remove a case begins to run. *Id.* at *1. But the window for removal—unlike diversity of the parties—is not jurisdictional. *See Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) ("The strict time requirement for removal in civil cases is not jurisdictional."). Since the litigation in *Ward* implicated a federal question, 1998 WL 864874, at *1 n.1, there was no doubt that the plaintiff could have originally filed suit in federal court. The federalism costs of holding onto the case were thus significantly less serious than they are here, where the Court has no jurisdiction at all. Remanding the case in *Ward*, moreover, would have defeated entirely the defendant's right to remove because a second attempt to remove after the Supreme Court's decision would have been untimely no matter what the Court decided. *Ward* is thus distinguishable from this case on multiple fronts.

The defendants' second proposed option—denying the motion to remand, ruling on the motion to dismiss, and immediately certifying the claims against Parker for interlocutory appeal—is totally out of the question. "Jurisdiction is power," *May*, 751 F. Supp. 2d at 954; without it, the Court has no basis for ruling on the defendants' motion to dismiss. The defendants' proposal would be blatantly *ultra vires*, since "[w]ithout jurisdiction [a] court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). Because the Constitution vests federal courts with only limited jurisdiction, the "requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting

7

*Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). If the court determines that it lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at 94 (quoting *McCardle*, 74 U.S. (7 Wall.) at 514). Because it appears the Court lacks jurisdiction, the only option is immediate remand. *See* 28 U.S.C. 1447(c).

There is no efficiency exception to this rule that allows federal judges to tee up stubbornly unresolved issues for appeal. The defendants cite *Grant v. Chevron Chem. Co.*, No. 01-750, 2001 WL 839010 (E.D. La. July 24, 2001) *aff'd and remanded sub nom. Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002), as precedent for their suggested approach. *See* R. 9 at 8–9. But that case does not help their cause because it is not persuasive. In order to ensure that the court of appeals would resolve an intra-circuit split concerning the amount-in-controversy requirement for diversity jurisdiction, the district court in *Grant* denied the plaintiff's motion to remand and certified the jurisdictional question for interlocutory appeal, without first assuring itself that it indeed had jurisdiction to do so. The district court offered no authority, however, for this dubious procedural gambit, which is inconsistent with basic principles of jurisdiction. As already discussed, without jurisdiction, there is no basis for proceeding any further in the case.

## III. Attorney's Fees

As part of a remand order, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has discretion to grant fees to the opposing party if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546

8

U.S. 132, 141 (2005). Although the Court is remanding this case back to state court, it cannot say that the defendants' removal lacked an objectively reasonable basis. Fraudulent joinder is the law of this circuit, and, as the Court has explained, Kentucky law is unclear on whether the Unfair Claims Act extends liability to insurance adjusters. The defendants' arguments did not carry the day, but they were at least reasonable. This is therefore not one of the rare cases where an award of attorney's fees is justified.

## CONCLUSION

Accordingly, it is **ORDERED** that the plaintiff's motion to remand, R. 4, is **GRANTED** but the plaintiff's motion for attorney's fees, *id.*, is **DENIED**. All other outstanding motions are **DENIED AS MOOT**. This matter is **REMANDED** to the Johnson Circuit Court and **STRICKEN** from this Court's active docket.

This the 21st day of March, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge